IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JESSICA DEWEY,                              )
                                           )
                                           )    C.A. No. K19C-02-001 NEP
            Plaintiff,                      )    In and For Kent County
                                           )
                                           )
v.                                         )
                                           )
                                           )
AMAZON. COM, INC,                          )
                                           )
            Defendant.                      )

Submitted: May 21, 2019
Decided: July 25, 2019

## OPINION AND ORDER

*Upon Defendant's Motion to Compel Arbitration and to Dismiss*
**DENIED IN PART and GRANTED IN PART**

Patrick C. Gallagher, Esquire, Jacobs & Crumplar, P.A.., *Attorney for Plaintiff.*

Jody C. Barillare, Esquire, Morgan, Lewis & Bockius LLP, *Attorney for Defendant.*

**Primos, J.**

Before the Court is the motion of Defendant Amazon.com, Inc. (hereinafter "Defendant"), to compel arbitration and to dismiss the Complaint of Plaintiff Jessica Dewey (hereinafter "Plaintiff"). Defendant seeks an order from this Court to compel arbitration of Plaintiff's claims and to dismiss her Complaint with prejudice for lack of subject matter jurisdiction. Defendant argues that it may compel arbitration as a third-party beneficiary to the arbitration agreement at issue, thereby divesting this Court of jurisdiction and warranting dismissal. For the reasons set forth below, Defendant's Motion is **DENIED IN PART** and **GRANTED IN PART**, and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In December 2016, Plaintiff was hired by Integrity Staffing Solutions, Inc. (hereinafter "Integrity"), a staffing company that provides temporary employees to its clients, including Defendant. At the time she applied for employment with Integrity, Plaintiff signed and executed an Arbitration Agreement (hereinafter the "Agreement"), pursuant to which she agreed to "resolve by arbitration all disputes, claims or controversies, past, present or future, including without limitation, claims arising out of or related to [her] application for employment, employment, and/or the termination of [that] employment. . . ." According to the Agreement, such disputes include those between Plaintiff and Integrity and those between Plaintiff and Integrity's "customers and clients to which [she was] assigned to work."[1] Furthermore, the Agreement explicitly provides that the arbitrator, as opposed to a court or other body, "will have exclusive authority to resolve any dispute relating to arbitrability . . . ."

---

[1] Plaintiff admits in her response to Defendant's motion that she entered into the Agreement "as a condition of employment."

Shortly thereafter, Integrity gave Plaintiff a temporary assignment to work for Defendant for the holiday season in Defendant's warehouse facility in Middletown, Delaware. Integrity paid Plaintiff for work that she performed for Defendant in accordance with the terms of an agreement between Defendant and Integrity.[2] According to the Complaint, following this temporary assignment, and because Plaintiff "had been an excellent employee with Integrity," she was eligible to apply for a job as a direct employee of Defendant.

Plaintiff attended a job fair for Defendant on February 3, 2017, where she submitted to a drug test. Plaintiff informed Defendant, as she had previously informed Integrity, that she was a medical marijuana cardholder. Nevertheless, according to Plaintiff, on February 20, 2017, Defendant ended Plaintiff's assignment through Integrity and refused to hire her because the drug test had yielded a positive result.

Plaintiff filed the instant suit on February 1, 2019. She alleges in her Complaint that Defendant discriminated against her in violation of Delaware's Medical Marijuana Act.

## II. ARGUMENTS OF PARTIES

In its motion, Defendant asks the Court to compel arbitration of Plaintiff's claims and dismiss her Complaint with prejudice for lack of subject matter jurisdiction. Defendant asserts that the Agreement is broad and encompasses not just claims by Plaintiff against Integrity, but also claims against Integrity's customers and clients to which she was assigned to work, including Defendant. Although Defendant

---

[2] Plaintiff contends that she was making $13.25 per hour through Integrity but would have received a raise of approximately $1.00 - $1.50 per hour if hired directly by Defendant.

3

is not a signatory to the Agreement, it argues that it is entitled to seek enforcement of the Agreement as a third-party beneficiary.

Plaintiff, in response, asserts that Defendant is not a third-party beneficiary to the Agreement and may not enforce its terms. Additionally, Plaintiff argues that the Agreement is inapplicable to Plaintiff's pursuit of employment with Defendant, and that the Agreement is unenforceable as a contract of adhesion or unconscionable contract. Plaintiff also argues that Defendant's motion should be converted into a motion for summary judgment, as Defendant has submitted matters outside the pleadings in support of its motion.

## III. STANDARD OF REVIEW

A party seeking dismissal pursuant to an arbitration agreement appropriately advances such a motion under Rule 12(b)(1).[3] This is because "Delaware courts lack subject matter jurisdiction to resolve disputes that litigants have contractually agreed to arbitrate."[4] Given the strong public policy in favor of arbitration, a court will grant such a motion if the dispute, on its face, "'falls within the arbitration clause of the contract.'"[5]

## IV. DISCUSSION

Before analyzing the parties' claims, the Court will address two preliminary matters. First, the Court rejects Plaintiff's contention that the Court must convert Defendant's motion to dismiss to a motion for summary judgment if it considers matters outside the pleadings. Here, Defendant has submitted two declarations in

---

[3] *NAMA Holdings, LLC v. Related World Mkt. Ctr., LLC*, 922 A.2d 417, 429 n. 15 (Del. Ch. 2007).

[4] *Id.* at 429 (citing *Elf Atochem N.Am., Inc. v. Jaffari*, 727 A.2d 286, 295 (Del. 1999)).

[5] *Id.* (quoting *SBC Interactive, Inc. v. Corporate Media Partners*, 714 A.2d 758, 761 (Del. 1998)).

4

support of its motion.[6]   Since a motion to dismiss based upon a written arbitration agreement implicates the Court's subject matter jurisdiction, it is properly considered under Rule 12(b)(1).[7]   In deciding such a motion, the Court may consider documents outside the complaint.[8]   Therefore, the Court may properly consider the declarations submitted by Defendant without converting Defendant's motion to one for summary judgment.[9]

Second, the Court cannot issue an order compelling arbitration, as Defendant requests.   The applicable statute gives the Court of Chancery, not this Court, the jurisdiction to enforce an arbitration agreement in Delaware.[10]   While this Court cannot compel arbitration, it can decide whether it lacks subject matter jurisdiction due to the existence of an arbitration agreement.[11]   Thus, the Court may dismiss a complaint for lack of subject matter jurisdiction after determining, at most, (1)

---

[6] These are (1) a Declaration of Susan Baxter, which includes the Agreement itself and describes Plaintiff's execution of the Agreement, her employment relationship with Integrity, and Defendant's relationships with Plaintiff and with Integrity, and (2) a Declaration of Jake E. Goodman, which describes communications between Defendant and Plaintiff and their counsel regarding submitting Plaintiff's claims to arbitration.

[7] *NAMA Holdings*, 922 A.2d at 429 n.15 (citing *Ishimaru v. Fung*, 2005 WL 2899680, at *13 (Del. Ch. Oct. 26, 2005)).

[8] *Id.* (citing *Acierno v. New Castle County*, 2006 WL 1668370, at *1 n.8 (Del. Ch. June 8, 2006)).

[9] As an aside, even were this Court to consider Defendant's motion under a summary judgment standard, there is no genuine issue of material fact, based upon the record before the Court, regarding the conclusion ultimately reached in this opinion – that the Court lacks subject matter jurisdiction over Plaintiff's claims.

[10] 10 *Del. C.* § 5701; *Tekmen & Co. v. Southern Builders, Inc.*, 2005 WL 1249035, at *5 n. 5 (Del. Super. May 25, 2005).

[11] *Tekmen*, 2005 WL 1249035, at *5 n. 5.  Even the Court of Chancery does not necessarily compel arbitration, but has in the past dismissed claims pursuant to Rules 12(b)(1) and 12(b)(3) in deference to the forums contractually chosen by the parties in the applicable arbitration clauses.  See, e.g., *PPF Safeguard, LLC v. BCR Safeguard Holding, LLC*, 2010 WL 2977392, at *9 (Del. Ch. July 29, 2010); *Carder v. Carl M. Freeman Comm., LLC*, 2009 WL 106510, at *8 (Del. Ch. Jan. 5, 2009).

whether a valid and enforceable arbitration agreement exists and (2) whether the scope of that agreement covers the plaintiff's claims.[12]

In this case, the Agreement is valid on its face, and any issues of enforceability must be decided by the arbitrator. Moreover, Plaintiff's claims at least arguably fall within the scope of the agreement, and any disputes regarding arbitrability must be submitted to the arbitrator. Therefore, the Court must dismiss Plaintiff's claims for lack of subject matter jurisdiction.

### A. The Agreement is Valid on Its Face, and Any Disputes Regarding Enforceability Must be Submitted to the Arbitrator.

At the outset, the Court notes that this case falls under federal law, and that federal law favors arbitration of Plaintiff's claims. The Agreement expressly states that "[t]he Federal Arbitration Act [9 U.S.C. § 1, *et seq.*]. . . governs this Agreement." Even if state law were to apply in this case, "Delaware arbitration law mirrors federal law."[13]

The FAA evinces a strong federal policy favoring enforcement of arbitration agreements.[14] It provides that "[a] written provision. . . to settle by arbitration a controversy. . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[15] Similarly, "Delaware respects the contractual freedom of parties to enter arbitration agreements and will not allow a party to escape its promise to resolve claims by arbitration by filing in our

---

[12] *Jones v. 810 Broom Street Operations LLC*, 2014 WL 1347746, at *1 (Del. Super. Apr. 7, 2014). As discussed *infra*, the Court's inquiry may be even more restricted than this depending upon the language of the arbitration agreement.

[13] *James Jackson, LLC v. Willie Gary, LLC*, 906 A.2d 76, 79 (Del. 2006). *See also Carder*, 2009 WL 106510, at *3 ("Delaware's public policy strongly favors arbitration. . . .").

[14] *Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp.*, 246 F.3d 219, 226 (2d Cir. 2001).

[15] 9 U.S.C. § 2.

courts."[16] Moreover, any doubts about arbitrability – about the "'scope of arbitrable issues'" – should be resolved in favor of arbitration.[17]

In this case, there is no dispute that Plaintiff executed the Agreement. Furthermore, Plaintiff concedes that she did so as a condition of her employment with Integrity.

According to Plaintiff, however, Defendant is precluded from enforcing the Agreement because it is not a third-party beneficiary. Plaintiff cites *Carder, supra,* which states that in order to establish third-party beneficiary status, a party must demonstrate: (1) an intent between the contracting parties to benefit the third party, (2) an intent that the benefit constitute either a gift or a satisfaction of a preexisting obligation to the third party, and (3) a showing that the benefit to the third party was a material aspect of the party's agreement.[18] Plaintiff argues that Defendant has failed to establish its status as a third-party beneficiary, as it has not proven the second prong.

The Agreement explicitly states that customers and clients of Integrity, such as Defendant, may enforce the Agreement "as direct or third-party beneficiaries." However, this Court need not resolve the issue of whether Defendant is entitled to seek enforcement of the Agreement as a third-party beneficiary, as the law is clear that any such dispute must be resolved by the arbitrator, not by this Court, where, as here, questions of substantive arbitrability are committed by the arbitration agreement to the arbitrator.[19] In order to take this question out of the hands of the arbitrator,

---

[16] *PPF Safeguard,* 2010 WL 2977392, at *5.

[17] *Green Tree Fin. Corp. v. Bazzle,* 539 U.S. 444, 452 (2003) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 626 (1985)). *See also Carder,* 2009 WL 106510, at *3 (quoting *Parfi Holding AB v. Mirror Image Internet, Inc.,* 817 A.2d 149, 155-56 (Del. 2002)) ("Where the parties bargained for an arbitration provision in a contract, Delaware courts generally favor arbitration of particular disputes and 'ordinarily resolve any doubts in favor of arbitration.'").

[18] *Carder,* 2009 WL 106510, at *7.

[19] *Id.*

Plaintiff must show that ". . . the party desiring arbitration [Defendant] has essentially no nonfrivolous argument about substantive arbitrability to make before the arbitrator."[20] If Plaintiff is unable to make such a showing, this Court "should require the signatory [Plaintiff] to address its arguments against arbitrability to the arbitrator."[21]

Here, Plaintiff is unable to make the required showing. Plaintiff was employed by Integrity, a staffing company that provides temporary employees to its clients. One of Integrity's clients was Defendant, with which Plaintiff was placed to work for the holiday season. As mentioned previously, the Agreement itself explicitly purports to authorize Defendant to enforce its terms. Therefore, any dispute about whether Defendant is entitled to enforce the Agreement must be submitted to the arbitrator.

For similar reasons, Plaintiff's contention that the Agreement is unenforceable as a contract of adhesion or unconscionable contract must be submitted to the arbitrator. The Agreement itself constitutes "clear and convincing evidence" of the parties' intent to arbitrate arbitrability,[22] and explicitly states that "[t]he Arbitrator – and not any federal, state, or local court or agency – will have exclusive authority to resolve any dispute relating to arbitrability, including without limitation, the interpretation, applicability, enforceability or formation of this Agreement."

---

[20] *Id.* (quoting *McLaughlin v. McCann*, 942 A.2d 616, 626-27 (Del. Ch. 2008)).

[21] *Id.*

[22] *See Julian v. Julian*, 2009 WL 2937121, at *5 (Del. Ch. Sept. 9, 2009) (citing *James Jackson*, 906 A.2d at 79-80 (reference in an arbitration clause to a set of arbitration rules that empower arbitrators to decide arbitrability, such as the rules of the American Arbitration Association ("AAA"), together with provision for arbitration of all disputes, constitutes clear and unmistakable evidence that the parties intended to submit arbitrability issues to the arbitrator)). Not only does the Agreement explicitly submit disputes regarding arbitrability to the arbitrator, but it indicates that arbitrations pursuant to the Agreement are to be governed by the AAA rules.

## B. The Scope of the Arbitration Agreement Arguably Covers Plaintiff's Claims.

Given the language of the Agreement regarding arbitrability quoted *supra*, any issues regarding whether Plaintiff's claims are included within the scope of the Agreement should properly be submitted to and decided by the arbitrator. Therefore, for the limited purpose of determining whether it has subject matter jurisdiction over Plaintiff's claims, the Court finds that, at the very least, Plaintiff's claims arguably fall under the Agreement, and therefore that it would be improper for the Court to retain jurisdiction over them.

The Agreement is broad and governs "all disputes, claims or controversies, past, present or future." It applies to Integrity as well as Integrity's "customers and clients to which [Plaintiff was] assigned to work." Nonetheless, Plaintiff argues that the plain language of the Agreement does not apply to this dispute, as her claims relate to her potential contractual relationship with Defendant, not her relationship with Defendant through Integrity. Plaintiff acknowledges that the language regarding the scope of the Agreement provides for arbitration if she has employment disputes arising from her employment with Integrity or her placement with one of Integrity's customers, but asserts that her claims arose from her separate application for employment with Defendant, not from her employment with Integrity.

However, the fact that Plaintiff attended a job fair for Defendant and was applying for a job with Defendant does not render the Agreement inapplicable. In executing the Agreement, Plaintiff agreed to resolve by arbitration "**all** disputes, claims or controversies. . ." that she might have against Integrity's clients, not just those arising from her employment with Integrity (emphasis supplied).

Furthermore, Plaintiff's assertion that her claims relate to her potential contractual relationship with Defendant, not her relationship with Defendant through

9

Integrity, is directly contradicted by Plaintiff's Complaint. Plaintiff alleges in her Complaint that Defendant unlawfully "ended her assignment through Integrity and refused to hire her." Moreover, Plaintiff admits in her Complaint that she was eligible to work for Defendant *because* she "had been an excellent employee with Integrity." Thus, Defendant has a strong argument before the arbitrator that Plaintiff's pursuit of employment with Defendant was directly related to her employment with Integrity and with Integrity's relationship to its "customers and clients to which [she was] assigned to work," namely Defendant.

### C. Plaintiff's Complaint Should Be Dismissed Without Prejudice.

Defendant argues that since the Court should not maintain jurisdiction over claims properly subject to arbitration, Plaintiff's claims should be dismissed with prejudice.[23] However, both this Court in *Edelist v. MBNA America Bank*[24] and the Court of Chancery in *Carder, supra*,[25] held that the plaintiffs' claims were to be dismissed without prejudice so that the parties could litigate their respective claims and defenses in arbitration. The Court sees no reason to deviate from their example and will therefore dismiss Plaintiff's claims without prejudice.

---

[23] *See PPF Safeguard*, 2010 WL 2977392, at *5 (a court will not accept jurisdiction over claims properly submitted to arbitration).
[24] 790 A.2d 1249, 1261 (Del. Super. 2001).
[25] 2009 WL 106510, at *8.

## IV. CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendant's Motion to Compel Arbitration and to Dismiss is **DENIED** as to the request to compel arbitration and **GRANTED** as to the request for dismissal, and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

/s/ Noel Eason Primos

Judge

NEP/wjs
*Via File & ServeXpress and U.S. Mail*
oc:    Prothonotary

11